THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL PANZA AND NEELEY TETLEY, § § *Plaintiffs*, § § V. § § TRAVELERS PERSONAL INSURANCE § COMPANY AND NATALIE ORTEGA, § § *Defendants*. § | CIVIL ACTION NO. 3:25-CV-01637 |

**DEFENDANT TRAVELERS PERSONAL INSURANCE COMPANY'S
FIRST AMENDED NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Travelers Personal Insurance Company ("Travelers" or "Defendant") hereby removes the action styled and numbered *Paul Panza et al. v. Travelers Personal Insurance Company et al.*, Cause No. CC-25-03139-D, pending in the County Court at Law Number 4 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

**I.
INTRODUCTION**

1.   This lawsuit arises out of Plaintiffs Paul Panza and Neeley Tetley (collectively referred to herein as "Plaintiffs") claim for coverage under a property insurance policy issued by Travelers for damage purportedly sustained by a residential property because of a plumbing leak.[1] By way of their petition, Plaintiffs—who reside in Dallas County, Texas—assert several common law and statutory causes of action against Travelers—a foreign insurance company organized

---

[1]  *See* Exhibit C-1 [Plaintiffs' Original Petition] at 2.

under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut.

2. In a transparent attempt to deprive this Court of diversity jurisdiction, Plaintiffs' petition also asserts causes of action against Natalie Ortega ("Ortega"), an individual resident of Forney, Texas, for purported violations of the Texas Insurance Code, as well as civil conspiracy. But, as set forth below, Ortega has been improperly joined as a defendant in this lawsuit because, both as a matter of law and of fact, the allegations in Plaintiffs' petition fail to establish a viable basis for recovery against Ortega.[2] Accordingly, this Court may disregard Ortega's citizenship in determining its jurisdiction over this matter under 28 U.S.C. § 1332(a).

3. Because the amount in controversy in this case plainly exceeds $75,000, complete diversity of citizenship exists between Plaintiffs and Travelers (the only properly joined defendant in this lawsuit), and Travelers files this First Amended Notice of Removal within the 30-day time-period required by 28 U.S.C. § 1446(b), removal of this action is proper under 28 U.S.C. § 1332(a).

## II.
## FACTUAL BACKGROUND

4. Plaintiffs commenced this lawsuit on April 22, 2025, by filing Plaintiffs' Original Petition in the County Court at Law Number 4 of Dallas County, Texas, Cause CC-25-03139-D.

5. Ortega was served with Plaintiffs' Original Petition on May 27, 2025, and both Ortega and Travelers entered an appearance in the state court action by filing a Plea in Abatement and, Subject Thereto, Answer and Defenses to Plaintiffs' Original Petition on June 20, 2025. By

---

[2] As a matter of law, an adjuster like Ortega can presumably be liable for misrepresentation under Section 541.060 of the Texas Insurance Code. However, the allegations in Plaintiffs' Original Petition fail as a matter of fact to state a viable cause of action against Ortega for misrepresentation. As for the remaining causes of action set forth in Plaintiffs' Original Petition for alleged violations of Texas Insurance Code Chapters 541 and 542, as well as their civil conspiracy cause of action, Plaintiffs' claims fail as a matter of law.

information and belief, Plaintiffs have not yet served their Original Petition on Travelers. Therefore, Travelers files this First Amended Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b).[3]

6.   Because Travelers contends Ortega was improperly joined as a defendant in this action, Ortega need not consent to removal.[4] However, to the extent necessary, Ortega consents to removal, as the undersigned counsel also represents Ortega in this lawsuit.

## III.
## BASIS FOR REMOVAL

7.   Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8.   Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.   Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Travelers.**

9.   Plaintiffs Paul Panza and Neeley Tetley are individuals residing in Dallas County, Texas.[5] The citizenship of an individual is determined by the individual's domicile.[6] Plaintiffs are both domiciled in Texas, so Plaintiffs are citizens of Texas for diversity jurisdiction purposes.

10.   Defendant Travelers, an insurance carrier, is a corporation organized under the laws

---

[3]   *A&C Discount Pharmacy LLC v. Prime Therapeutics LLC*, No. 3:16-CV-0429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) (Fitzwater, J.) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b).").

[4]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[5]   *See* Exhibit C-1 [Plaintiffs' Original Petition] at 1.

[6]   *SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

of Connecticut. Thus, Travelers' state of incorporation is Connecticut. Travelers' principal place of business is in Hartford, Connecticut. Consequently, for purposes of diversity jurisdiction, Travelers is a citizen of Connecticut.

11.     Defendant Ortega is an individual domiciled in the State of Texas and, therefore, is a citizen of Texas for diversity jurisdiction purposes. However, this Court may disregard Ortega's citizenship, because Plaintiffs improperly joined Ortega as a defendant in this action to defeat this Court's jurisdiction. As set forth below, Plaintiffs failed to establish a cause of action against Ortega in this matter, both as a matter of law and a matter of fact.

12.     Because Plaintiff and Travelers are citizens of different states, and because Ortega's citizenship may be disregarded given Plaintiffs improperly joined her to this action, complete diversity of citizenship exists between Plaintiffs and Travelers now and on the date Plaintiffs filed this lawsuit.

### (1)     *Plaintiffs Improperly Joined Ortega as a Defendant to Defeat This Court's Diversity Jurisdiction.*

13.     A defendant can establish improper joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[7] Under the second approach, which applies here, a defendant claiming improper joinder must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[8] Courts usually

---

[7] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, F.Supp.3d 721, 723 (N.D. Tex. 2014) (Solis J.); *see also One Way Investments v. Century Ins. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *2 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.); *Michels v. Safeco Ins. Co. of Indiana,* No. 13-50321, 544 Fed. Appx. 535, 538, 2013 WL 5935067, *3 (5th Cir. Nov. 6, 2013) (quoting *McKee v. Kan. City S. Ry. Co.*, 358 F.32d 329, 333 (5th Cir. 2004)).

[8] *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also One Way*, 2014 WL 6991277, at *2.

determine if a plaintiff has a "reasonable basis" for recovery after "conduct[ing] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[9]

### (a) *Ortega cannot be held liable for violating Section 541.060 of the Texas Insurance Code.*

14. Federal courts applying Texas law have repeatedly held as a matter of law that an insurance adjuster—like Ortega—cannot be held liable on the causes of action asserted in Plaintiffs' Original Petition. Plaintiffs' Original Petition alleges, for example, that Ortega committed the following violations of Section 541 of the Texas Insurance Code:

- Section 541.060(a)(1): misrepresenting material facts relating to the coverage at issue;

- Section 541.060(a)(2)(A): failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3): failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4): failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7): refusing to pay a claim without conducting a reasonable investigation.[10]

15. Texas law permits claims adjusters to be held individually liable for violations of some provisions the Texas Insurance Code.[11] "But for an adjuster to be held individually liable,

---

[9]  *Id.*; *see also One Way*, 2014 WL 6991277, at *2.

[10] See Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[11] *Messersmith*, 10 F.Supp.3d at 724.

they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage."[12]

16.     Consistent with this well-settled principle, federal courts have held that adjusters—like Ortega—cannot be held liable under Section 541.060(a)(1) of the Texas Insurance Code, where the alleged misrepresentation(s) made the basis of the insured's claim involve the cause or scope of damage to the subject property, not the details of the insurance policy at issue.[13] To state a claim under Section 541.060(a)(1), "[t]he misrepresentations must be about the details of the policy, not the facts giving rise to a claim for coverage."[14] Here, Plaintiffs do not allege that Ortega made any representations about policy details. Instead, Plaintiffs' allegations concern the facts that give rise to Plaintiffs' claim under the Travelers policy, like the existence, cause, and extent of alleged storm damage to the property at issue.[15] Plaintiffs' Original Petition thus fails to state a claim against Ortega for purported violations of Texas Insurance Code Section 541.060(a)(1).

---

[12] *Id.*; *see also Aguilar v. State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.).

[13] *See, e.g., Messersmith*, 10 F. Supp. 3d at 724 (holding that adjuster's post-loss representations regarding the nature and extent of storm damage to the insured's roof failed to support the insured's claim under section 541.060(a)(1), because those alleged statements did not relate to the coverage at issue); *Mainali Corp. v. Covington Specialty Ins. Co.,* No. 3:15–CV–1087–D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (insured failed to state a claim against adjuster under section 541.060(a)(1) where petition alleged the adjuster "failed to conduct a reasonable investigation, substantially underestimated the damage to the Property, and denied obvious covered damage to the Property," but "d[id] not allege [the adjuster] made misrepresentations about the details of the Policy"); *One Way*, 2014 WL 6991277 at *4 (insured's allegations that adjuster misrepresented the extent of the storm damage to the insured's property and misstated that such damage was caused by factors not covered under the policy failed to state a claim under section 541.060(a)(1), because "those statements d[id] not relate to the 'coverage at issue'") (quoting *Messersmith*, 10 F. Supp. 3d at 724); *accord Slabaugh v. Allstate Ins. Co.*, No. 4:15-CV-115, 2015 WL 4046250, at *9 (E.D. Tex. June 30, 2015) (holding that insured's allegations against adjuster, "all of which relate[d] to his inspection and determination regarding the extent of hail and wind damage, [we]re not actionable under the Texas Insurance Code because they d[id] not relate to misrepresentations about coverage provided by the terms of the policy").

[14] *One Way*, 2014 WL 6991277, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 724).

[15] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7-8.

17. Plaintiffs contend that Ortega violated Section 541.060(a)(2)(A) of the Texas Insurance Code by "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which . . . liability [was] reasonably clear"[16] But as a matter of law, an insurer's employed adjusters "cannot be held liable under this section because . . . [they] do[] not have settlement authority on behalf of [an insurer]," and their "sole role is to assess the damage."[17] In fact, Plaintiffs allege only that Travelers gave Ortega authority to "inspect, adjust and evaluate the claim," and Plaintiffs do not allege Ortega had authority to settle the insurance claim on Travelers' behalf.[18] Plaintiffs' Original Petition thus fails to state a claim against Ortega for purported violations of Texas Insurance Code Section 541.060(a)(2)(A).

18. Plaintiffs also allege Ortega violated Section 541.060(a)(3) of the Texas Insurance Code by "failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiffs' claim."[19] And yet, as federal courts applying Texas law have explained, an adjuster cannot be held liable under Section 541.060(a)(3) because as a matter of law insurers, not adjusters, are obligated to provide a reasonable explanation of the basis in the policy for their claim

---

[16] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[17] *Messersmith*, 10 F. Supp. 3d at 724; *see also Conrad v. Cincinnati Ins. Co.*, No. 3:21-CV-1533-D, 2021 WL 5140826, at *7 (N.D. Tex. Nov. 3, 2021) (Fitzwater, J.) (reiterating that federal courts in the Northern District of Texas have previously held as a matter of law that certain claims are not viable against an insurer's employed adjuster individually, including claims under Section 541.060(a)(2)(A)); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F.Supp.3d 944, 950 (S.D. Tex. 2016) ("The majority of federal courts that have addressed [Section 541.060(a)(2)(A)] have found that this section applies only to insurers, and that it does not apply to adjusters.); *Ministerio International Lirios Del Valle v. State Farm Lloyd's*, No. 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2014) (Fitzwater, J.); *One Way*, 2014 WL 6991277, at *4; *Mercury Multifamily Mgmt., LLC v. Peleus Ins. Co.*, No. 3:16-CV-2557-D, 2016 WL 9091289, at *3 (N.D. Tex. Nov. 30, 2016) (Fitzwater, J.).

[18] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 8.

[19] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

denial or their offer of a compromise settlement of a claim.[20] Plaintiffs thus have no reasonable basis for recovery against Ortega under Section 541.060(a)(3).

19. Plaintiffs likewise do not have a reasonable basis of recovery against Ortega under Section 541.060(a)(4) of the Texas Insurance Code for "refusing to affirm or deny coverage within a reasonable time."[21] As a matter of law, "an adjuster cannot be held liable under this section because an adjuster does not have authority on behalf of [an] insurer to affirm or deny coverage of a claim to a policyholder."[22]

20. Finally, under Chapter 541 of the Texas Insurance Code, Plaintiffs allege Ortega violated Section 541.060(a)(7) by "refusing to conduct a reasonable investigation."[23] But federal courts recognize that:

> Like § 541.060(a)(2), the bad behavior that [§ 541.060(a)(7)] targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, **not the individual responsible for conducting the investigation**.[24]

---

[20] *Mainali Corp.*, 2015 WL 5098047, at *4 (applying the Court's reasoning in *Messersmith* and *One Way* to hold that insured could not recover against adjuster under section 541.060(a)(3)); *see also Thomas v. State Farm Lloyd's*, No. 3:15-CV-1937-B, 2015 WL 6751130, at *4 (N.D. Tex. Nov. 4, 2015) (Boyle, J.) (observing that the Court "has found that an adjuster cannot be liable under [Section 541.060(a)(3)] because she has neither the responsibility nor the authority to comply with" it); *Meritt Buffalo Events Center, LLC v. Central Mutual Ins. Co.*, 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.).

[21] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[22] *One Way*, 2014 WL 6991277, at *4 (referencing *Messersmith*, 10 F.Supp.3d at 724); *see also Thomas*, 2015 WL 6751130, at *4 (observing that the Court "has found that an adjuster cannot be liable under [Section 541.060(a)(4)] because she has neither the responsibility nor the authority to comply with" it).

[23] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[24] *Mainali Corp.*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725) (internal brackets omitted); *see also Mercury Multifamily Mgmt.*, 2016 WL 9091289, at *3; *Meritt Buffalo Events Ctr.*, 2016 WL 931217, at *4; *One Way*, 2014 WL 6991277, at *4; *and Thomas*, 2015 WL 6751130, at *4 ("[T]he Court is not persuaded that adjusters can be held liable under this section, as the violation is the failure to pay—which is not within the adjuster's authority—rather than the failure to conduct a reasonable investigation.").

As Plaintiffs allege, Travelers "tasked" Ortega with the "responsibility" of investigating the subject insurance claim and determining the cause and extent of damages.[25] According to Plaintiffs, then, Ortega was the individual responsible for conducting the investigation. Therefore, as a matter of law, Plaintiffs' Original Petition does not establish a reasonable basis of recovery against Ortega under Section 541.060(a)(7) of the Texas Insurance Code.

### (b) *Ortega cannot be held liable for violating Section 542.003(b)(5) of the Texas Insurance Code.*

21. Plaintiffs allege that Ortega violated Section 542.003(b)(5) of the Texas Insurance Code.[26] Section 542.003(b)(5) prohibits an insurer from "compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder."[27] But if an adjuster does not have the authority on behalf of an insurer to affirm or deny coverage at all,[28] an adjuster could not possibly "offer[] substantially less than the amount ultimately recovered in a suit brought by a policyholder," so as a matter of law an adjuster cannot be liable under Section 542.003(b)(5). Moreover, Section 542.003(b)(5) is within Subchapter A of Chapter 542, Subchapter A applies only to "insurers whether organized as a proprietorship, partnership, stock or mutual corporation, or unincorporated association," and none of the 16 examples of "insurers" under Section 542.002

---

[25] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[26] *Id.*

[27] TEX INS. CODE 542.003(b)(5).

[28] *See Messersmith*, 10 F. Supp. 3d at 724; *One Way*, 2014 WL 6991277, at *4; *Mercury Multifamily*, 2016 WL 9091289, at *3.

include an adjuster such as Ortega.[29] Plaintiffs thus have no reasonable basis for recovery against Ortega under Section 542.003(b)(5).

### *(c) Ortega cannot be held liable for civil conspiracy with Travelers.*

22. Plaintiffs allege that Travelers and Ortega conspired to underpay Plaintiffs' insurance claim, and specifically that the Defendants "set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damage to Plaintiffs' Property covered by the Policy."[30] Plaintiffs also allege that "Travelers assigned the loss and the claim to Ortega. Ortega was at all pertinent times the agents [sic] of Travelers, through both actual and apparent authority. The acts, representations and omissions of Ortega are also attributed to Travelers."[31]

23. To state a claim for conspiracy under Texas law, plaintiffs must allege: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result.[32] But "the acts of a corporate agent on behalf of the corporation are deemed the corporation's acts"[33] because "as a general rule, a corporation cannot conspire with itself through its agents."[34] "A conspiracy

---

[29] TEX. INS. CODE 542.002.

[30] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 10.

[31] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 7.

[32] *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

[33] *Aguilar*, 2015 WL 5714654, at *3 (citing *Orthoflex. Inc. v. ThermoTek, Inc.*, Nos. 3:11–CV–0870–D, 3:10–CV–2618–D, 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012)); *see also Holloway v. Skinner*, 898 S.W.2d 793, 795 (Tex. 1995).

[34] *Texas Integrated Conveyor Sys's, Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d.348, 381-82 (Tex. App.—Dallas 2009, pet. denied) (citing *Fojtik v. First Nat'l Bank*, 752 S.W.2d 669, 673 (Tex. App.—Corpus Christi 1988) and *Christopher v. Gen. Computer Sys.*, 560 S.W.2d 698, 709 (Tex. App.—Dallas 1977, writ ref'd n.r.e.). *See also Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir. 2003).

between a corporation and its agent can exist only where the agent is acting outside the scope of his employment for his own personal benefit."[35]

24.   Here, Plaintiffs allege that Ortega was Travelers' agent "at all pertinent times," and Plaintiffs do not allege that Ortega acted outside the scope of her employment with Travelers for her own personal benefit. Ortega—as Travelers' agent—cannot conspire with Travelers—as Ortega's corporate principal. Both as a matter of law and a matter of fact, Plaintiffs have no reasonable basis for recovery against Ortega for civil conspiracy.[36]

25.   Even if Plaintiffs could show Travelers and Ortega are "two are more persons" capable of entering a conspiracy, Plaintiffs still would not have a reasonable basis to recover against Ortega. To state a claim of civil conspiracy under Texas law, Plaintiffs must show that *all* parties are liable for *both* the conspiracy *and* the underlying challenged act.[37] As demonstrated above, Ortega cannot be held liable to Plaintiffs for alleged violations of Texas Insurance Code Chapters 541 or 542 as a matter of law, so Ortega cannot have conspired with Travelers to commit any unlawful act.[38]

B.   **Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

---

[35] *Aguilar*, 2015 WL 5714654, at *3 (citing *Mathis v. DCR Mortg. III Sub I, LLC*, 952 F.Supp.2d 828, 836–37 (W.D. Tex. 2013)); *see also Crouch v. Trinque*, 262 S.W.3d 417, 427 (Tex. App.—Eastland 2008, no pet.).

[36] *See, e.g., id.* at 3–4 (denying an insured's motion to remand and finding the insured improperly joined an adjuster to the suit, in part because the insured could not state a legally viable claim for civil conspiracy against an insurer and the adjuster); *Staples v. Merck & Co., Inc.*, 270 F.Supp.2d 833, 845 (N.D. Tex. 2003) (Lynn, J.) (same).

[37] *Staples*, 270 F.Supp.2d at 845–46 (citing *Leigh v. Danek Medical, Inc.*, 28 F.Supp.2d 401, 405 (N.D. Tex. 1998) (McBryde, J.)); *see also American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997).

[38] *See, e.g., Aguilar*, 2015 WL 5714654, at *3; *Mathis*, 952 F.Supp.2d at 836–37 (granting a Rule 12(b)(6) motion to dismiss a civil conspiracy action, in part because the action was predicated on a tort (fraud) for which the plaintiff could not recover against the non-diverse defendant); *Staples*, 270 F.Supp.2d at 846 (denying motion to remand and finding that plaintiffs fraudulently joined two defendants, in part because plaintiffs' civil conspiracy action was predicated on a tort (fraud) for which the plaintiffs could not recover against the non-diverse defendants).

26. Under § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." If it is facially apparent that Plaintiffs' claims exceed the jurisdictional amount, Travelers' burden is satisfied.[39] When a sufficient amount in controversy is not apparent from the pleadings, the removing party must establish by a preponderance of the evidence that the jurisdictional amount is met.[40] A party can prove up the amount by setting forth summary-judgment-type evidence of facts in controversy that support a finding of the requisite amount.[41] Demand letters from the claimant, as well as invoices and estimates of damages, are sufficient to establish the amount in controversy according to this standard.[42]

27. This lawsuit arises out of Plaintiffs' claims for coverage under a property insurance policy issued by Defendant Travelers for water damage related to a plumbing leak allegedly sustained by a residential property located in Dallas, Texas.[43] On or about May 21, 2025, Plaintiffs submitted a pre-suit demand letter to Travelers and Ortega, and attached invoices and estimates relates to building repairs, as well as receipts for hotel stays related to coverage for Additional Living Expenses. The demand letter asserts the Plaintiffs' purported right to recover $83,323.97 for actual damages related to the plumbing leak, and $70,236.92 for Additional Living Expenses

---

[39] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[40] *Id.* at 1335. *See also InVas Medical Devices, LLC v. Zimmer Biomet CMF and Thoracic, LLC*, No. 3:21-CV-2947-G, 2022 WL 4538459, *7 (N.D. Tex. Sept. 28, 2022) (quoting *Hartford Ins. Grp. V. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)).

[41] *Allen*, 63 F.3d at 1336.

[42] *Victor Gloria v. Allstate Vehicle and Prop. Ins. Co.*, No. 5:18-CV-00073, 2018 WL 8807403, at *2 (S.D. Tex. Dec. 30, 2018); *Wilson v. Allstate Ins. Co.*, No. 416CV00970ALMCAN, 2017 WL 1097213, at *3 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 4:16-CV-970, 2017 WL 1079533 (E.D. Tex. Mar. 22, 2017).

[43] *See* Exhibit C-1 [Plaintiffs' Original Petition] at 2.

related to the leak, totaling $153,560.89.[44] The sum of these amounts exceed $75,000. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

28. Thus, the amount in controversy requirement is satisfied and this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper under 28 U.S.C. § 1332(a) because Plaintiffs improperly joined Defendant Natalie Ortega to the action, there is complete diversity between Plaintiffs and Defendant Travelers, and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees).

## IV.
## COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULE 81.1

29. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the County Court at Law Number Four in Dallas County, Texas after Travelers' filing of this Notice.

30. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

 a. An index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court—attached hereto as **Exhibit A**;

 b. A copy of the docket sheet in the state court action—attached hereto as **Exhibit B**;

 c. Each document filed in the state court action except discovery (as separate attachments arranged in chronological order according to state court filing date)—attached hereto as **Exhibit C.**

 d. A separately signed certificate of interested persons that complies with LR 3.1(c) or 3.2(e),—attached hereto as **Exhibit D**; and

---

[44] See Exhibit E [Plaintiffs' May 21, 2025 demand letter to Defendants] at 3.

   e. Plaintiffs Paul Panza and Neeley Tetley's demand letter to Defendants Travelers Personal Insurance Company and Natalie Ortega, dated May 21, 2025, and related attachments—attached hereto as **Exhibit E**.

31. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

## V.
## CONCLUSION

32. WHEREFORE, Defendant Travelers Personal Insurance Company has requested that this action be removed from the County Court at Law Number Four of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division, and that this Court enters such further orders as may be necessary and appropriate.

        Respectfully submitted,


By: */s/ Jennifer L. Gibbs*
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zellelaw.com
    Zachary D. Fechter
    Texas Bar No. 24143628
    zfechter@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202
Telephone: 214-742-3000
Facsimile: 214-760-8994

**ATTORNEYS FOR DEFENDANTS**
**TRAVELERS PERSONAL INSURANCE**
**COMPANY AND NATALIE ORTEGA**

## CERTIFICATE OF SERVICE

      A true and correct copy of the forgoing has been served on the following counsel of record in accordance with FEDERAL RULES OF CIVIL PROCEDURE on July 1, 2025 as follows:

Shannon E. Loyd
Texas Bar No. 24045706
shannon@theloydlawfirm.com
**Loyd Law Firm, P.L.L.C.**
2900 North Loop West, Suite 1130
Houston, Texas 77092
Telephone: 888-404-6493

**ATTORNEY FOR PLAINTIFFS**

                                         */s/ Jennifer L. Gibbs*
                                          Jennifer L. Gibbs