IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL PANZA et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  3:25-CV-1637-D |
| | § | |
| TRAVELERS PERSONAL INSURANCE | § | |
| COMPANY et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

### Certificate of Interested Persons

☐     Plaintiff(s) has/have not filed the certificate of interested persons required by N.D. Tex. Civ. R. 3.1(c) or 3.2(e).  Within 14 days of the date this order is filed, plaintiff(s) must comply with Rule 3.1(c) or 3.2(e) so that the court can determine whether recusal is required in this case.

☒     Plaintiffs have not filed the certificate of interested persons required by N.D. Tex. Civ. R. 81.2.  Within 14 days of the date this order is filed, plaintiffs must comply with Rule 81.2 so that the court can determine whether recusal is required in this case.

☐     Defendant(s) has/have not filed the certificate of interested persons required by N.D. Tex. Civ. R. 7.4.  Within 14 days of the date this order is filed, defendant(s) must comply with Rule 7.4 so that the court can determine whether recusal is required in this case.

### Local Counsel Requirement

Please note: "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending.  An attorney whose principal office is located outside this district (such as in Plano, which is located in the Eastern District of Texas) does not qualify as local counsel unless the attorney resides in this district and the residence is located within 50 miles of the Dallas federal courthouse.

☒     Plaintiffs have not complied with the local counsel requirement of N.D. Tex. Civ. R. 83.10(a).  Within 14 days of the date this order is filed, plaintiffs must file with the clerk of court one of the following: (1) a letter that demonstrates why counsel is not subject to,

or is exempt from, the local counsel requirement of Rule 83.10(a) or that points out how and when local counsel has previously been designated; (2) a designation of local counsel that states local counsel's address and telephone number, as required by Fed. R. Civ. P. 11(a), and includes the information required by N.D. Tex. Civ. R. 10.1(b); or (3) a motion for leave to proceed without local counsel. Counsel who are not members of the Bar of this court and have not been admitted *pro hac vice* in this case must at the same time apply for admission to the Bar or for admission *pro hac vice*.

☐ Defendant(s) has/have not have complied with the local counsel requirement of N.D. Tex. Civ. R. 83.10(a). Within 14 days of the date this order is filed, defendant(s) must file with the clerk of court one of the following: (1) a letter that demonstrates why counsel is not subject to, or is exempt from, the local counsel requirement of Rule 83.10(a) or that points out how and when local counsel has previously been designated; (2) a designation of local counsel that states local counsel's address and telephone number, as required by Fed. R. Civ. P. 11(a), and includes the information required by N.D. Tex. Civ. R. 10.1(b); or (3) a motion for leave to proceed without local counsel. Counsel who are not members of the Bar of this court and have not been admitted *pro hac vice* in this case must at the same time apply for admission to the Bar or for admission *pro hac vice*.

**SO ORDERED**.

July 1, 2025

                                                         SIDNEY A. FITZWATER
                                                        SENIOR JUDGE