IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL PANZA, and § | |
| NEELY TETLEY, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | Civil Action No. 3:25-CV-1637-D |
| § | |
| TRAVELERS PERSONAL INSURANCE § | |
| COMPANY, and § | |
| NATALIE ORTEGA, § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action, plaintiffs' motion to remand presents the question whether the removing defendant[1] has carried its heavy burden of proving that the in-state, non-diverse defendant has been improperly joined. Concluding that it has, the court denies the motion.

I

This is an action by plaintiffs Paul Panza ("Panza") and Neely Tetley ("Tetley") (collectively "plaintiffs," unless the context indicates otherwise) against defendants Travelers Personal Insurance Company ("Travelers") and Natalie Ortega ("Ortega"), alleging claims

---

[1]In the notice of removal, defendant Travelers Personal Insurance Company ("Travelers") maintains that defendant Natalie Ortega ("Ortega") was not required to consent to removal because she has been improperly joined as a defendant. Travelers contends, however, that, to the extent necessary, Ortega consents to removal. The court will therefore refer to Travelers as the removing defendant.

for violations of Tex. Ins. Code Ann. tit. 5, chs. 541-542 (West 2009), breach of contract, breach of the duty of good faith and fair dealing, and civil conspiracy. Travelers, with Ortega's consent,[2] removed the case to this court based on diversity of citizenship, contending that Ortega—who, like Panza and Tetley, is a citizen of Texas—had been improperly joined.

Plaintiffs are the owners of an insurance policy ("Policy") that was issued by Travelers and insures property located in Dallas. During the terms of the Policy, the property sustained damages due to a plumbing leak. Plaintiffs reported the damage to Travelers pursuant to the Policy and requested that it cover the costs of repair.

Travelers engaged Ortega, an insurance adjuster and Texas citizen, to adjust the claim and investigate the damage. Plaintiffs allege that Travelers and Ortega failed to conduct a full, fair, and reasonable investigation of plaintiffs' covered damages, resulting in an underpayment of the claim.

Plaintiffs filed a petition in Dallas county court asserting state-law claims against Travelers and Ortega. They sue Travelers for breach of contract, violations of Tex. Ins. Code Ann. tit. 5, chs. 541-542, breach of the duty of good faith and fair dealing, and civil conspiracy. Plaintiffs allege claims against Ortega for violations of Tex. Ins. Code Ann. tit. 5, chs. 541-542 and civil conspiracy.

Travelers removed the case to this court based on diversity of citizenship, asserting

---

[2]*See supra* note 1.

that Ortega—a Texas citizen—has been improperly joined because plaintiffs' county court original petition fails to state a viable basis for recovery against her. Plaintiffs—also Texas citizens—move to remand, contending that Ortega was properly joined and that her Texas citizenship deprives this court of subject matter jurisdiction.[3] Travelers opposes the motion, which the court is deciding on the briefs, without an oral hearing or argument.

II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b)(2), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive

---

[3]The parties do not dispute that the amount in controversy exceeds $75,000.

the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citation omitted). The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82. In determining whether a party has been improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

"Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court." *Parsons v. Baylor Health Care Sys.*, 2012 WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d at 573). Under the second alternative—the one at issue here—the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery").

- 4 -

> [To assess] whether a plaintiff has a reasonable basis of recovery under state law[,] . . . [t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.

*Smallwood*, 385 F.3d at 573 (citation omitted). A determination of improper joinder must be based on an analysis of the allegations in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

When deciding whether a defendant has been improperly joined, federal district courts must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.* at 678.

### III

The court considers first whether plaintiffs have stated a claim against Ortega under the Texas Insurance Code.

### A

Plaintiffs allege that Ortega engaged in unfair claims settlement practices, in violation of several provisions of Tex. Ins. Code Ann. tit. 5, chs. 541-542. They assert that Ortega made misrepresentations regarding material facts or policy provisions related to coverage, in violation § 541.060(a)(1); that Ortega did not attempt in good faith to effectuate prompt, fair, and equitable settlement, in violation of § 541.060(a)(2)(A) and (B); that Ortega did not promptly provide a reasonable explanation of the basis in law or fact for the denial of their claim or offer of a compromise settlement of their claim, in violation of § 541.060(a)(3); that Ortega failed to affirm or deny coverage of their claim within a reasonable time, in violation of § 541.060(a)(4)(A); that Ortega refused to conduct a reasonable investigation, in violation § 541.060(a)(7); and that Ortega compelled them to institute a suit to recover funds due under the Policy, in violation of § 542.003(b)(5).

Travelers acknowledges that insurance adjusters can be held liable for misrepresentation under § 541.060(a)(1), but it contends that plaintiffs' county court original petition fails to state a claim against Ortega under § 541.060(a)(1). Travelers also maintains that the remainder of plaintiffs' claims under Chapters 541 and 542 of the Texas Insurance Code fail as a matter of law.

B

Plaintiffs have not stated a plausible claim against Ortega under § 541.060(a)(1). Their petition alleges that Ortega made a misrepresentation that "water damage occurred and is covered under the policy." Pet. (ECF No. 1-5) 8. This court has previously held that, for a misrepresentation to be actionable under § 541.060(a)(1), it "must be about the details of a policy, not the facts giving rise to a claim for coverage." *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to [the] roof when in fact there was damage [and] . . . leaking resulting from the damage" were not statements that related to the coverage at issue)). Accordingly, Ortega's statement that "water damage occurred," Pet. (ECF No. 1-5) 8, is not actionable under § 541.060(a)(1) because it relates to the facts giving rise to plaintiffs' insurance claim, not to the "coverage at issue." *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724).

Moreover, plaintiffs have not plausibly pleaded that Ortega's statement that "[water damage] is covered under the policy" is a misrepresentation. Pet. (ECF No. 1-5) 8. Absent an indication that the Policy does not cover water damage, this allegation relates to a dispute over the degree to which Travelers should have satisfied plaintiffs' claim, not a misrepresentation about the Policy's coverage. *See Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *4 n.3 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.) (holding

that the plaintiff did not plausibly allege a misrepresentation concerning the policy where "there [was] no dispute that the Policy provide[d] coverage for business income and extra expenses, and fire loss in general."). Plaintiffs' petition does not cite a policy provision that Ortega allegedly misrepresented. Thus even if the petition alleged that Ortega made a misrepresentation about the Policy, such an allegation would be conclusory. *See Howley v. Bankers Standard Ins. Co.*, 2021 WL 913290, at *14 (N.D. Tex. Mar. 10, 2021) (Lindsay, J.) ("Without information regarding the actual Policy language, as it pertains to this alleged violation of the Texas Insurance Code, the allegation that Defendant or [the adjuster] misrepresented a Policy provision is conclusory.").[4]

C

Plaintiffs cannot recover against Ortega under §§ 541.060(a)(2)(A) or (B). Section 541.060(a)(2)(A) prohibits failing to attempt to fairly and promptly settle a claim when it becomes "reasonably clear" that the insurer is liable. *Meritt*, 2016 WL 931217, at *4 (citations omitted); *see also Messersmith*, 10 F.Supp.3d at 724. Section 541.060(a)(2)(B) similarly prohibits failing to attempt to promptly settle a claim under one portion of a policy to induce the insureds to settle their claims brought under another portion of the policy.

---

[4]Travelers contends that the heightened pleading standard of Fed. R. Civ. P. 9(b)—not the pleading standard of Rule 8(a)—applies to allegations concerning misrepresentations in violation of § 541.060(a)(1). *See also Howley*, 2021 WL 913290, at *13 (holding that allegations against an insurance adjuster did not meet Rule 9(b)'s pleading standard). Because the allegations of plaintiffs' petition do not plead a plausible claim under either standard, the court need not decide whether Rule 9(b)'s standard applies to plaintiffs' claims under § 541.060(a)(1).

Ortega "cannot be held liable under [either] section because, as an adjuster, [she] does not have settlement authority on behalf of [the insurer.]" *Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) (third alteration in original) (quoting *Messersmith*, 10 F.Supp.3d at 724).[5]

Although plaintiffs now contend that Travelers granted Ortega the authority to settle their insurance claim, their original petition lacks factual allegations to support this assertion. Instead, the original petition only alleges that Ortega had been "given authority and instructions to inspect, adjust and evaluate the claim." Pet. (ECF No. 1-5) 8. Thus under the Rule 12(b)(6) standard, plaintiffs' petition does not plausibly plead that Ortega had settlement authority.

In their reply brief, plaintiffs rely on testimony of Travelers' corporate representative and former tech specialist regarding the authority of adjusters to pay out claims. According to this testimony, Travelers makes individual determinations allowing some adjusters to pay out claims without having to consult a manager. In assessing whether joinder of a non-diverse defendant is improper, the court may, in its discretion, "pierce the pleadings" and consider allegations made outside of the petition. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). But even if the court considers this testimony and accepts it as true,

---

[5]Moreover, plaintiffs make no factual allegations to support their § 541.060(a)(2)(B) claim. They do not reference any Policy provisions that Ortega allegedly misrepresented or indicate which claim Ortega attempted to get them to settle or which other claim she intended to influence. *See Richards v. Allstate Indem. Co.*, 2017 WL 3274470, at *7 (W.D. Tex. May 31, 2017), *rec. adopted*, 2017 WL 3274466 (W.D. Tex. June 19, 2017) (concluding that the plaintiff failed to state a claim under § 541.060(a)(2)(B) in similar circumstances).

the fact that Travelers has granted *other* adjusters authority to pay out claims based on *individual* determinations does not permit the court to draw the reasonable inference that *Ortega* had such settlement authority. Accordingly, even when this testimony is considered, plaintiffs have not stated plausible claims against Ortega under §§ 541.060(a)(2)(A) or (B).

D

Plaintiffs cannot recover against Ortega under § 541.060(a)(3). "[A]n adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim." *Art Dall., Inc. v. Fed. Ins. Co.*, 2022 WL 221231, at *5 (N.D. Tex. Jan. 25, 2022) (Fitzwater, J.) (quoting *Mainali*, 2015 WL 5098047, at *4).

E

Nor can plaintiffs recover against Ortega under § 541.060(a)(4)(A). "[A]n adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have the authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *Id.* (alteration in original) (quoting *Mainali*, 2015 WL 5098047, at *4).

F

Plaintiffs cannot recover against Ortega under § 541.060(a)(7). As this court has previously stated:

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances. Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*Mainali*, 2015 WL 5098047, at *4 (quoting *Messersmith*, 10 F.Supp.3d at 725).

### G

Finally, plaintiffs cannot recover against Ortega under § 542.003(b)(5). "Chapter 542 only applies to specifically listed 'insurers,'" and Ortega, an adjuster, is not an insurer. *Mainali*, 2015 WL 5098047, at *6 (quoting Tex. Ins. Code Ann. tit. 5, § 542.002); *see also Messersmith*, 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because adjuster is not an insurer).

Therefore, the court concludes that plaintiffs have not pleaded at least one plausible claim against Ortega for a violation of Chapter 541 or 542 of the Texas Insurance Code.

### IV

The court now considers whether plaintiffs have pleaded a plausible claim against Ortega for civil conspiracy.

### A

Under Texas law, the elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). "The mere agreement to resist a claim

. . . is not an actionable civil conspiracy." *Id.*; *see also Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 795 (Tex. App. 2000) (applying this standard to the denial of a homeowner's insurance claim).

B

Plaintiffs only allege that, when "Travelers assigned Ortega to investigate Plaintiffs' claim, . . . the Defendants set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damage to Plaintiffs' Property covered by the Policy[, and] [t]he Defendants' conspiracy was a proximate cause of Plaintiffs' damage." Pet. (ECF No. 1-5) 10. Plaintiffs conclusory allegations and "[t]hreadbare recitals of the elements of the cause of action" are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Their civil conspiracy claim relies almost entirely on re-alleging violations of the Texas Insurance Code rather than pleading additional facts to support the elements of conspiracy. With only these assertions, there is no reasonable basis for the court to predict that plaintiffs can recover against Ortega for civil conspiracy. *See Gutierrez v. Allstate Fire & Cas. Ins. Co.*, 2017 WL 2378298, at *5 (N.D. Tex. June 1, 2017) (Fitzwater, J.) (concluding the same in light of similar allegations).

Moreover, plaintiffs' claim fails as a matter of law. "[A] corporation cannot conspire with itself." *Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 463 (5th Cir. 2003); *see also Aguilar v. State Farm Lloyds*, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.) (concluding, *inter alia*, that allegations of a civil conspiracy between an insurer and insurance adjuster did not support a plausible claim for relief).

"[T]he acts of a corporate agent on behalf of the corporation are deemed the corporation's acts." *Aguilar*, 2015 WL 5714654, at *3 (alteration in original) (quoting *Orthoflex. Inc. v. ThermoTek*, Inc., 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012) (Fitzwater, C.J.). Therefore, "[a] conspiracy between a corporation and its agent can exist only where the agent is acting outside the scope of [her] employment for [her] own personal benefit." *Id.*

The parties do not dispute that Ortega was Traveler's agent. Plaintiffs allege in their original petition that "Ortega was at all pertinent times the agent[] of Travelers, . . . [and] [t]he acts, representations and omissions of Ortega are also attributed to Travelers." Pet. (ECF No. 1-5) 7. Plaintiffs do not allege that Ortega took actions outside of the scope of her employment for her own personal benefit. Plaintiffs have therefore failed to plausibly plead a civil conspiracy claim against Ortega. *See Aguilar*, 2015 WL 5714654, at *3 (reaching a similar conclusion and denying a motion to remand).[6]

\* \* \*

The court concludes that Travelers has met its heavy burden of demonstrating that Ortega has been improperly joined. Accordingly, Ortega's Texas citizenship can be disregarded for purposes of determining diversity of citizenship and removability. Plaintiffs'

---

[6]Plaintiffs cite one federal district court opinion that recognizes a cause of action against an insurance adjuster for conspiracy to commit fraud. *See Hayden v. Allstate Tex. Lloyds*, 2011 WL 240388, at *7 (S.D. Tex. Jan. 20, 2011). Even if this court assumes *arguendo* that such a claim can be brought against an adjuster for actions taken within the scope of her employment, plaintiffs do not allege a fraud claim against either defendant. *See Agar Corp., Inc. v. Electro Cirs. Int'l, LLC*, 580 S.W.3d 136, 141 (Tex. 2019) ("[A] civil conspiracy claim is connected to the underlying tort and survives or fails alongside it.").

motion to remand is denied.

**SO ORDERED**.

September 3, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE