IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL PANZA, and<br>NEELY TETLEY, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | Civil Action No. 3:25-CV-1637-D |
| | § | |
| TRAVELERS PERSONAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action, plaintiffs Paul Panza ("Panza") and Neely Tetley move under Fed. R. Civ. P. 37(a) to compel answers to interrogatories, the production of documents, and an amended privilege log, and for deposition dates. Plaintiffs also move for leave to extend time to produce an expert report. Defendant Travelers Personal Insurance Company ("Travelers") opposes the motions. For the reasons that follow, the court grants the motion to compel in part and denies it in part, and orders the parties to meet and confer regarding plaintiffs' requests for production ("RFPs"), Travelers' privilege log, and deposition dates and topics. The court denies plaintiffs' motion to extend.

I

The relevant background facts of this case are largely set out in a prior memorandum opinion and order and need not be repeated at length for the purpose of deciding plaintiffs'

motions.[1]  Plaintiffs allege various state-law causes of action that arise from Travelers'

alleged underpayment of their insurance claim.  *See id.*  Plaintiffs now move to compel

Travelers to respond to interrogatories to which it objected, produce documents that it has

withheld, and provide an amended privilege log and deposition dates.  Plaintiffs also move

for leave to produce an expert report after the court-ordered deadline.  Travelers opposes

both motions, which the court is deciding on the briefs, without oral argument.

II

As a preliminary matter, the court addresses Travelers' contention that the court

should deny plaintiffs' motions due to their alleged litigation misconduct, including their

failures to comply with discovery orders.  Travelers' allegations that plaintiffs have engaged

in litigation misconduct—which involves, in part, Panza's actions in another lawsuit—are

unrelated to the merits of the instant motions.  And although the court may impose sanctions

under Rule 37(b)(2)(A) for failure to obey a discovery order, *see Moore v. Cap. One, N.A.*,

2016 WL 3745675, at *2 (N.D. Tex. July 13, 2016) (Fitzwater, J.), Travelers has not

demonstrated that such sanctions are appropriate here.

Accordingly, the court declines to deny plaintiffs' motions on this basis.

---

[1]*See Panza v. Travelers Pers. Ins. Co.*, 2025 WL 2532676, at *1 (N.D. Tex. Sept. 3, 2025) (Fitzwater, J.).

III

The court now considers plaintiffs' motion to compel.

A

Under Rule 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or respond to an interrogatory or request for admission. The burden is on the party resisting discovery—here, Travelers—to establish why the motion to compel should not be granted. *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.); *see also Lozano v. Dorel Juv. Grp.*, 2010 WL 11619687, at *1 (N.D. Tex. May 26, 2010) (Means, J.) ("Generally, the burden is on the party seeking to avoid compliance with a discovery request to show that the request is improper[,]" such that "in the context of a motion to compel, the party who opposes discovery must 'show specifically how [the request] is not relevant or how [the request] is overly broad, burdensome, or oppressive.'" (second and third alterations in original) (quoting *McLeod, Alexander, Powell and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990))).

B

Plaintiffs move to compel answers to Interrogatory Nos. 2, 3, 5, 6, 9, and 15.

1

"Federal Rule of Civil Procedure 33(a)(2) provides that '[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b).'" *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578-79 (N.D. Tex. 2018) (Horan, J.) (alteration in original) (quoting Rule 33(a)(2)). "Generally, an interrogatory may relate to any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Pilver v. Hillsborough Cnty.*, 2016 WL 4129282, at *3 (M.D. Fla. Aug. 3, 2016).

"An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Rule 33. A "contention interrogatory" generally refers to "an interrogatory that asks a party to state what it contends, state whether it makes a specified contention, state all the facts upon which it bases a contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *InternetAd Sys., LLC v. ESPN, Inc.*, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004) (Fitzwater, J.). Contention interrogatories are "not necessarily objectionable and may even be advisable." *Id.* Interrogatories may not, however, extend to issues of "pure law," or, in other words, "legal issues unrelated to the facts of the case." Rule 33 advisory committee's note to 1970 amendment.

Rule 33(c) and the pertinent Advisory Committee notes support the conclusion that

"it is within a court's discretion to decide when an otherwise-proper interrogatory must be answered." *InternetAd*, 2004 WL 5181346, at *2. And "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time." *Id.* (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 333 (N.D. Cal. 1985)).

2

Interrogatory No. 2 asks Travelers to "[s]tate whether [it] contends that any condition precedent to Plaintiffs' recovery has not been met, . . . [and] [i]f so, state what conditions have not been met." Ps. App. (ECF No. 28) at 7. Travelers objects to this interrogatory under Rule 33(d), contending that the documents it has already produced—particularly its answer and defenses to plaintiffs' original petition ("answer")—contain the responsive information.

Rule 33(d) provides:

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017) (Horan, J.) (alteration in original) (quoting Rule 33(d)). "[I]n relying on Rule 33(d) in an

interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could." *Id.* (alterations in original) (citation omitted). "This generally requires an answering party to point to specific documents, by name or bates number, and not pointing the requesting party generally to document productions." *Id.* (citation and internal quotation marks omitted).

Here, Travelers' answer states that it "specifically den[ies] that Plaintiffs have satisfied all conditions precedent to the recovery they seek in this lawsuit." Answer (ECF No. 4-7) at 4. The answer then outlines the conditions precedent that Travelers maintains plaintiffs have failed to satisfy. Because Travelers cites no authority indicating that an answer is a "business record" for purposes of Rule 33(d), or that this rule can be invoked in response to a contention interrogatory,[2] the court declines to apply it here. Nevertheless, the court concludes under Rule 26(b)(2)(C)(i) that Interrogatory No. 2 requests discovery that Travelers has already made available in filing its answer and therefore "can be obtained from some other source that is more convenient, less burdensome, or less expensive." Rule 26(b)(2)(C)(i).

Accordingly, the court denies plaintiffs' motion to compel with respect to Interrogatory No. 2.

---

[2]Some district courts have concluded that Rule 33(d) cannot be invoked with respect to contention interrogatories. *See, e.g.*, *United States ex rel. Landis v. Tailwind Sports Corp.*, 317 F.R.D. 592, 594 (D.D.C. 2016).

3

Interrogatory No. 3 asks Travelers to "[l]ist the date(s) [it] requested that Plaintiffs provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s)."  Ps. App. (ECF No. 28) at 7. Travelers also objects to this interrogatory under Rule 33(d).  But here, Travelers fails to "point to specific documents" that contain the requested information and therefore has not met its burden under Rule 33(d).  *See Samsung*, 321 F.R.D. at 282 (citation omitted).

Accordingly, the court grants plaintiffs' motion to compel with respect to Interrogatory No. 3.

4

Interrogatory No. 5 asks Travelers to "[s]tate whether [it] contends that Plaintiffs did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiffs' claim(s)[,] [and] [i]f so, [to] state what information was requested and not provided, and provide the dates of the requests."  Ps. App. (ECF No. 28) at 8.  This request is a permissible contention interrogatory relevant to the claims or defenses at issue.

Although "[m]any courts exercise the discretion that Rule 33(c) grants and conclude that contention interrogatories need not be answered until later in the discovery process," *InternetAd*, 2004 WL 5181346, at *2 (citing *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)), the court sees no reason for such delay in this case.

Travelers' largely boilerplate objections are insufficient to defeat a motion to compel.

*See, e.g.*, *Hunsinger v. Alpha Cash Buyers*, *LLC*, 2022 WL 1128730, at \*2 (N.D. Tex. Apr. 15, 2022) (Fitzwater, J.).  And to the extent that Travelers asserts that documents already in plaintiffs' possession contain answers to this interrogatory, Travelers has again failed to meet its burden under Rule 33(d) to specifically identify documents containing the responsive information.  *See Samsung*, 321 F.R.D. at 282.  Travelers points to its answer, but even assuming *arguendo* that Rule 33(d) applies, the answer does not appear to contain information fully responsive to plaintiffs' interrogatory.  For the same reason, the court declines to limit plaintiffs' discovery with respect to this interrogatory based on Rule 26.

Nor is the court persuaded by Travelers' assertion that Interrogatory No. 5 asks for purely legal contentions.  Insofar as this interrogatory concerns legal issues, those issues are related to the facts of the case.  *See* Rule 33 advisory committee's note to 1970 amendment; 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2167 at 28 (3d. ed. 2010) ("[T]he only kind of interrogatory that is objectionable without more as requesting a legal conclusion is one that extends to legal issues unrelated to the facts of the case." (citation and internal quotation marks omitted)).

Accordingly, the court grants plaintiffs' motion to compel with respect to Interrogatory No. 5.  Travelers is not obligated at this time to provide answers that it does not now have, but it must respond to Interrogatory No. 5 to the extent to which it is able, and supplement its responses as required under Rule 26(e)(1)(A).  *See Klein v. Fed. Ins. Co.*,

2014 WL 3408355, at *7 (N.D. Tex. July 14, 2014) (Fitzwater, C.J.).[3]

5

Interrogatory No. 6 asks Travelers to "[s]tate the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiffs' insurance policy or the claim(s) made the basis of this lawsuit." Ps. App. (ECF No. 28) at 9.

Travelers initially asserted various boilerplate objections to this interrogatory. *See id.* Such objections are insufficient to justify withholding discovery, and Travelers has failed to elaborate on many of these grounds in responding to plaintiffs' motion to compel. *See Hunsinger*, 2022 WL 1128730, at *2.

In its brief in support of it response, Travelers objects to Interrogatory No. 6 on the ground that it is not sufficiently limited in scope. The court disagrees. This interrogatory is confined to individuals who performed work in connection with plaintiffs' policy or claim. Even if some responsive information may relate to individuals with limited roles as to plaintiffs' policy or claim, such information is relevant to the claims or defenses in this case. *See, e.g.*, *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.*, 2018 WL 3548866, at *12 (N.D. Tex. July 24, 2018) (Horan, J.) (granting motion to compel with respect to similar interrogatory).

---

[3]This memorandum opinion and order also qualifies as an order to supplement under Rule 26(e)(1)(B).

- 9 -

Travelers also objects on the ground that its initial disclosures and document production contain information responsive to this interrogatory.  Even assuming *arguendo* that initial disclosures can constitute a "business record" for purposes of Rule 33(d), it is unclear whether Travelers' disclosure of individuals likely to have discoverable information is fully responsive to Interrogatory No. 6.  And with respect to its document production, Travelers once again fails to sufficiently identify the documents that contain the responsive information.  The court therefore declines to limit Interrogatory No. 6 based on Rule 26 or 33(d).  *See Samsung*, 321 F.R.D. at 282 (citation omitted).

Accordingly, plaintiffs' motion to compel is granted with respect to Interrogatory No. 6.

6

Interrogatory No. 9 asks Travelers to "state each and every reason [it] contend[s] [it is] not liable for Plaintiffs' damages." *Id.* at 9.  And Interrogatory No. 15 asks Travelers to "state specifically and in detail" its claims and contentions "regarding any cause or contributing cause of [plaintiffs' damages], including a detailed statement of the facts or information upon which this contention is based." *Id.* at 13.

"A contention interrogatory may be overly broad where it seeks 'each and every' single fact upon which a party bases its case." *United States v. State*, 2015 WL 9165910, at *4 (M.D. La. Dec. 16, 2015); *see also* 8B Wright, Miller & Marcus, *supra*, § 2167, at 26 ("Contention interrogatories may be held unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case.").  Such an interrogatory

"would too often require a laborious, time-consuming analysis" such that "[t]he burden to answer . . . outweighs the benefit to be gained." *United States v. State*, 2015 WL 9165910, at *4 (quoting *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 321 (D. Kan. 1998)). Recognizing that Interrogatory Nos. 9 and 15 are contention interrogatories, the court holds that they are overbroad and unduly burdensome nonetheless.

Accordingly, the court grants plaintiffs' motion to compel with respect to Interrogatory Nos. 3, 5 and 6, but denies the motion with respect to Interrogatory Nos. 2, 9, and 15.

IV

Plaintiffs also seek to compel Travelers to produce documents in response to RFP Nos. 4, 8, 11, 14, 18, 20, 23-25, 29, 30, 33, 36, 42-45, 47, and 50.

A

A party seeking discovery can move to compel production where the opposing party fails to comply with a Rule 34 RFP. *See* Rule 37(a)(3)(B)(iv). An incomplete response to an RFP "must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4).

B

The court considers initially whether Travelers must respond to RFP Nos. 29, 30, 36, 42, and 50, which relate to underwriting.

RFP. No. 29 requests "[t]he entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit." Ps. App. (ECF No. 28) at 29.

RFP No. 30 requests "[a]ll notes, reports, documents, or applications created and/or

- 11 -

generated by [Travelers'] underwriting department relating to the insurance policy made the basis of this lawsuit." *Id.* at 30.

RFP No. 36 requests "copies of any and all guidelines, policies and/or procedures for underwriting utilized to determine whether a risk is acceptable." *Id.* at 32.

RFP No. 42 requests "Policies and Procedures and/or guidelines for Underwriting regarding the condition of the Property." *Id.* at 34.

RFP No. 50 requests "[a]ny underwriting issues reported to [Travelers] by any of [its] employees, representatives, and/or agents regarding the condition of Plaintiffs' property prior to the loss made the basis of this lawsuit." *Id.* at 38.

Travelers maintains that the underwriting materials that plaintiffs seek are irrelevant because plaintiffs' causes of action do not relate to the issuance of their policy. The underwriting materials, however, "may shed light on which interpretation of the [policy] is most reasonable" and whether Travelers handled plaintiffs' claim in bad faith. *Mr. Cooper Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2026 WL 773091, at *3 (N.D. Tex. Mar. 19, 2026) (Fitzwater, J.) (quoting *Cinemark Holdings, Inc. v. Factory Mut. Ins. Co.*, 2021 WL 2662178, at *3 (E.D. Tex. June 29, 2021)); *see also Islamic Servs. Found. v. Phila. Indem. Ins. Co.*, 2026 WL 249016, at *3 (N.D. Tex. Jan. 30, 2026) (McKay, J.) (compelling discovery concerning underwriting files and practice relating to decision to insure the property at issue); *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, 2020 WL 6559869, at *5 (E.D. Tex. Nov. 9, 2020) (compelling production of "portions [of underwriting file] that reference[d] [d]efendant's evaluation of what risks it expected to cover in the policy and how

- 12 -

it interpreted the various policy terms."). And Travelers' assertion that some or all of plaintiffs' alleged loss arose from conditions or faulty workmanship that preceded their policy gives relevance to information about Travelers' assessment of the property before the policy was issued. *See Islamic Servs. Found.*, 2026 WL 249016, at *3. Moreover, to the extent that Travelers objects to these RFPs as vague, it has not demonstrated that it attempted to gain clarification of the intended meaning of the purportedly vague terms. *See Heller v. City of Dallas*, 303 F.R.D. 466, 492 (N.D. Tex. 2014) (Horan, J.) ("If a party believes that the request is vague, that party should attempt to obtain clarification prior to objecting on this ground." (cleaned up)).

Despite the foregoing conclusions, the court holds that the above requests should be narrowed because they are overbroad as written. RFP Nos. 29, 30, and 50 should be confined to seek materials that reference Travelers' assessment of the condition of plaintiffs' property and its "evaluation of what risks it expected to cover in the policy and how it interpreted the various policy terms." *Tim Long Plumbing*, 2020 WL 6559869, at *5. And RFP Nos. 36 and 42 should only cover documents that reasonably may have been consulted in connection with the underwriting of plaintiffs' policy. *See Mr. Cooper*, 2026 WL 773091, at *4 (deposition topic concerning "all underwriting instructions, training, guidelines or standards, implemented by the deponent, regardless of whether or not these materials were consulted in connection with the underwriting of the [relevant] [p]olicy" was overbroad (cleaned up)).

Therefore, RFP Nos. 29, 30, 36, 42, and 50 should be narrowed according to the

- 13 -

guidance above.

C

The court now turns to RFP Nos. 8, 11, and 33, which relate to photographs of the property, claim files, and Travelers' Investigative Services ("TIS") files.

RFP No. 8 requests "[a]ll photographs . . . diagrams, drawings, or other graphic depictions of Plaintiffs or the Property made the basis of this lawsuit." Ps. App. (ECF No. 28) at 21.

RFP No. 11 requests "[a]ny and all claims files and claim reports [from the last ten years] . . . regarding all residential insurance claims made by Plaintiffs under their residential insurance policy/policies with [Travelers], specifically regarding damage to the: exterior and interior of Plaintiffs' Property[.]" *Id.* at 22.

RFP No. 33 requests "copies of all claim files for any prior and/or subsequent losses at the property made the basis of this lawsuit." *Id.* at 31.

Travelers objects to these requests as overbroad, vague, and seeking irrelevant and privileged information. As the court has already explained, prior claims regarding plaintiffs' property are relevant because Travelers asserts that a portion of plaintiffs' alleged loss arose from conditions that preceded their policy coverage. *See Islamic Servs. Found.*, 2026 WL 249016, at *3; *Dveirin v. State Farm Fire & Cas. Co.*, 2025 WL 306333, at *6 (E.D. La. Jan. 27, 2025) ("[T]he condition of the property (and any pre-existing damage) is relevant to the claims and defenses in this case."). And Travelers has again failed to demonstrate that it sought clarification as to the terms that it now maintains are vague. *See Heller*, 303 F.R.D.

- 14 -

at 492.

But the court sustains Travelers' overbreadth objections to RFP Nos. 8, 11, and 33. These requests should cover only nonprivileged depictions of the property, claim files, and claim reports related to prior claims that Travelers relied on or may rely on in handling plaintiffs' instant plumbing leak claim or in this litigation. *Cf. Dveirin*, 2025 WL 306333, at *6 (interrogatory was limited to prior claims that insurer "will or may rely upon in determining coverage or exclusions").

Travelers asserts that it has already produced claim file materials, including photographs related to plaintiffs' prior weather-related claim, which it contends is the only potentially relevant prior claim. To the extent that Travelers' contentions regarding preexisting damage to plaintiffs' property and overlapping claims concern prior claims other than this one weather-related claim, its response is incomplete. *See* Rule 37(a)(4).

Travelers also maintains that RFP No. 11 can be reasonably interpreted to include materials covered by the attorney client privilege and work product protection. This vague assertion is insufficient to satisfy Travelers' burden to establish the applicability of this privilege and protection. *See Mr. Cooper*, 2026 WL 773091, at *7 (outlining the burdens for asserting the respective discovery protections).

But Travelers has met its burden as to the portions of the TIS files that relate to plaintiffs' claims and are included in Travelers' second privilege log ("privilege log"). As the party seeking work product protection, Travelers must show that the materials at issue were prepared by its representative in anticipation of litigation or for trial. *See Beasley v.*

- 15 -

*First Am. Real Est. Info. Servs., Inc.*, 2005 WL 1017818, at \*3 (N.D. Tex. Apr. 27, 2005) (Kaplan, J.); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003).  In addition to the privilege log, which provides descriptions of each withheld document, Travelers includes in its appendix the declaration of one of its claim technical managers.  The declaration attests that Travelers anticipated litigation, first, with respect to plaintiffs' initial weather related claim on or around June 20, 2024, and, second, with respect to the plumbing leak claim on or around December 6, 2024.  Following these respective dates, Travelers referred plaintiffs' claims to its TIS unit.  Given this information and plaintiffs' lack of a specific response as to the applicability of the work product protection to the TIS files, the court is satisfied that Travelers may withhold from discovery the portions of the TIS files that it has identified in its privilege log.  *See United Healthcare Servs., Inc. v. Synergen Health, LLC*, 2023 WL 11977434, at \*2 (N.D. Tex. Mar. 6, 2023) (Rutherford, J.) (concluding that an investigative file was protected attorney work product).

Therefore, RFP Nos. 8, 11, and 33 should be narrowed according to the guidance the court has provided above.  And to the extent that these requests seek to discover the parts of the TIS files that Travelers has designated in its privilege log as attorney work product, Travelers need not produce these documents.

D

The court turns next to RFP Nos. 43, 44, and 45, which relate to its claim handling guidelines.

RFP No. 43 requests "[a]ny and all documents reflecting company guidelines,

- 16 -

procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions [Travelers] contends applied to Plaintiffs' claim(s)." Ps. App. (ECF No. 28) at 35.

RFP No. 44 requests "[a]ll training and educational materials which instruct claims adjusters or claims handlers in handling claims for the type of loss made the basis of this lawsuit." *Id.*

RFP No. 45 requests "[a]ll procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, including the criteria for and the process for evaluating whether coverage exists, for the type of loss made the basis of this lawsuit." *Id.* at 36.

Travelers contends that these requests are irrelevant and overbroad. But Travelers' claim handling guidelines are relevant to the question whether Travelers handled plaintiffs' claim in bad faith. *See Bramlett v. Med. Protective Co.*, 2013 WL 12123515, at *2 (N.D. Tex. June 25, 2013) (Stickney, J.); *Stone v. Amador*, 2020 WL 6292819, at *10 (M.D. La. Oct. 27, 2020). Travelers also maintains that these requests demand the disclosure of proprietary and confidential information created by and for Travelers. This "broad and unspecified objection based on confidentiality" is insufficient to satisfy Travelers' burden as the party resisting discovery. *Islamic Servs. Found.*, 2026 WL 249016, at *4.

Moreover, RFP Nos. 43, 44, and 45 are limited in scope insofar as they concern only the policy provisions and type of loss underlying plaintiffs' claims. *Cf. Brumley v. Cont'l Cas. Co.*, 2010 WL 11530606, at *2 (N.D. Tex. Dec. 23, 2010) (Stickney, J.) (concluding

- 17 -

that request for claim handling information "without regard to whether the information sought pertains to the claim at issue" was overbroad).  But these requests are overbroad insofar as they encompass more than claim handling information that was available when plaintiffs submitted their claim and that would be referenced in the normal course of adjusting a claim for the type of loss underlying this lawsuit.  *See Beck v. Allstate Vehicle & Prop. Ins. Co.*, 2017 WL 11496870, at *3 (N.D. Tex. Sept. 25, 2017) (Toliver, J.) (compelling production of claims handling manuals but allowing defendant to redact information concerning non-storm related claims); *Stone*, 2020 WL 6292819, at *10 (limiting production along similar lines).

Therefore, RFP Nos. 43, 44, and 45 should be narrowed according to the guidance the court has provided above.

### E

With regard to RFP Nos. 24 and 25, which pertain to billing records for independent adjusters, Travelers states that it did not retain any independent adjusters to investigate, adjust, or evaluate plaintiffs' claim and that it has therefore complied with these requests in full.  Accordingly, the court denies plaintiffs' motion to compel responses to RFP Nos. 24 and 25.

### F

Finally, Travelers objects to RFP Nos. 4, 14, 18, 20, and 23, which pertain to communications and documentation exchanged between Travelers and third parties.

RFP No. 4 requests "[a]ll communications and documents, including electronic,

- 18 -

between [Travelers] and any third party regarding Plaintiffs' claim(s)." Ps. App. (ECF No. 28) at 20.

RFP No. 14 requests "[a]ny and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiffs' claim(s) made the basis of this lawsuit, prepared on behalf of the [Travelers]." *Id.* at 23.

RFP No. 18 requests "[a]ny and all documents, including correspondence and checks, exchanged between [Travelers] and any and all vendors concerning Plaintiffs' claim(s)." *Id.* at 25.

RFP No. 20 requests "[a]ny and all documents . . . exchanged between [Travelers], Plaintiffs and any and all adjusters assigned to Plaintiffs' claim . . . , from the time of hiring through the present, and any other entities with whom [Travelers] worked or communicated regarding the Property made the basis of this lawsuit." *Id.* at 26.

RFP No. 23 requests "[a]ll non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit." *Id.* at 27.

Travelers contends that these requests are not reasonably limited in time and scope. The court holds that RFP Nos. 4, 14, 18, and 23 are sufficiently limited to plaintiffs' claims underlying this lawsuit. *See Stanton 4433 Owners Ass'n v. State Farm Lloyds*, 2022 WL 17752218, at *5 (W.D. Tex. Sept. 6, 2022) (similar requests for documents and communications "were not irrelevant since they asked for communications pertaining to Plaintiff's claim."); *see also Dveirin*, 2025 WL 306333, at *10 ("The amounts State Farm

- 19 -

paid to its outside, third-party adjusters handling Plaintiff's claim is relevant to potential bias."). To the extent that RFP No. 20 is broader in scope, plaintiffs must narrow this request to include only those documents related to Travelers' assessment of plaintiffs' property and insurance claims at issue in this lawsuit.

Travelers also maintains that these requests seek discovery disproportionate to the needs of the case.

> But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Orchestrate HR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 505 (N.D. Tex. 2016) (Horan, J.), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (Starrett, J.). Because Travelers has failed to meet this burden, the court overrules its proportionality-based objections.

Finally, Travelers asserts that these requests seek privileged documents. Other than the aforementioned portions of the TIS files, *see supra* at § IV(C), Travelers has not satisfied its burden to establish that documents responsive to these requests qualify for the attorney client privilege or work product protection. *See Mr. Cooper*, 2026 WL 773091, at *7.

Therefore, the court grants plaintiffs' motion to compel responses to RFP Nos. 4, 14,

18, and 23, and orders plaintiffs to narrow RFP No. 20 according to the guidance above.[4]

## V

Plaintiffs move to compel Travelers to produce an amended privilege log. Plaintiffs' brief in support of its motion to compel identifies deficiencies in Travelers' original privilege log. Since the filing of that motion, however, Travelers has produced a second privilege log that appears to have remedied the alleged deficiencies. And plaintiffs do not contend in their reply brief that the second privilege log contains any further deficiencies. Accordingly, as part of the meet and confer requirement set out below, *see infra* at § VII, the parties must confer regarding any additional disputes related to Travelers' second privilege log.

## VI

Finally, plaintiffs move to compel Travelers to provide dates on which its adjuster and corporate representative are available for deposition. Travelers contends that plaintiffs' request for deposition dates is premature and states that it will provide such dates once the court rules on the instant motion and all deposition topics are finalized. Because the court is now ruling on plaintiffs' motion to compel, the court orders the parties to meet and confer regarding deposition dates and topics. *See infra* at § VII.

## VII

For the foregoing reasons, the court grants plaintiffs' motion to compel responses to

---

[4]Travelers requests that the court permit it to produce responsive documents under an agreed protective order. The parties may submit a proposed agreed protective order for the court's consideration, or Travelers may move for entry of a protective order under Rule 26(c).

RFP Nos. 4, 14, 18, and 23, and denies the motion with respect to RFP Nos. 24 and 25. The court directs the parties meet and confer regarding the scope of RFP Nos. 8, 11, 20, 29, 30, 33, 36, 42-45, 47, and 50, Travelers' privilege log, and dates and topics for the depositions of Travelers' corporate representative and adjuster. After they meet and confer, the parties must file a joint status report that identifies what, if any, disputes remain and the reasons the dispute could not be resolved. The meet and confer must occur, and the joint status report must be filed, no later than 28 days after this memorandum opinion and order is filed.

VIII

The court now turns to plaintiffs' motion to extend time to produce the expert report of their designated expert, Brandon Allen ("Allen").

A

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4); *see also Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order[,]" who must show that, despite its diligence, it could not reasonably have met the relevant scheduling deadlines. *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).

To determine whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure

- 22 -

such prejudice." *Id.* at *2 (citing *S & W Enters., LLC v. Southtrust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th Cir. 2003)); *see also Keith v. J.D. Byrider Sys., LLC*, 2016 WL 7491844, at *1 (N.D. Tex. Dec. 29, 2016) (Fitzwater, J.). The court evaluates these factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

The court's scheduling order set March 16, 2026 as the deadline to designate expert witnesses and otherwise comply with Rule 26(a)(2), which, unless otherwise stipulated or ordered, requires the disclosure of a written expert report. Rule 26(a)(2)(B). Plaintiffs contend that Allen was unable to complete his report by that deadline due to Travelers' failure to produce the materials that are the subject of plaintiffs' motion to compel. In particular, plaintiffs sought portions of the claim file for their prior storm claim, which Travelers has now produced.

Travelers responds that the delay was caused by plaintiffs' counsel's own lack of diligence. In the appendix to its brief in response to plaintiffs' motion to extend, Travelers includes an email from plaintiffs' counsel's paralegal, in which she advised Travelers' counsel that she had "dropped the ball on getting [Allen] all of the documents for him to prepare his report." D. App. (ECF No. 36-7) at 23. And, according to Travelers, plaintiffs did not notify Travelers of the alleged discovery deficiencies until after the deadline to disclose expert reports had passed. Travelers maintains that an extension of the deadline

- 23 -

would cause it prejudice because it would need to incur costs to re-engage its retained expert to provide a rebuttal and engage in depositions and expert discovery close to the July 20, 2016 discovery deadline.

C

Considering the four factors holistically, the court concludes that plaintiffs have not met their burden under Rule 16(b)(4).

Plaintiffs' motion does not discuss the good cause factors, which alone is reason to deny the motion. *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.) ("When a party . . . does not address the good cause standard under Rule 16(b)(4), this court typically denies the motion for that reason alone.").[5] "[T]he court has made exceptions in cases where . . . the grounds on which [the movant] relies to establish good cause are relatively clear." *Atl. Cas. Ins. Co. v. PrimeLending, A PlainsCapital Co.*, 2016 WL 7386208, at *2 n.3 (N.D. Tex. Dec. 21, 2016) (Fitzwater, J.) (collecting cases). Even if the court made such an exception here, it would deny plaintiffs' motion.

Assuming *arguendo* that plaintiffs' requested relief is important and that Travelers either will not be prejudiced or that any prejudice can be cured by continuing applicable deadlines, plaintiffs have failed to demonstrate that, despite their diligence, they could not

---

[5]For the first time in their reply brief, plaintiffs mention the good cause standard. The court typically does not, and will not here, consider arguments made for the first time in a reply brief. *See, e.g.*, *Days Inn Worldwide, Inc. v. Sonia Invs.*, 2006 WL 3103912, at *16 (N.D. Tex. Nov. 2, 2006) (Fitzwater, J.).

- 24 -

reasonably have met the scheduling deadline. *See, e.g.*, *Mallory v. Lease Supervisors, LLC*, 2019 WL 3253364, at *4 (N.D. Tex. July 19, 2019) (Fitzwater, J.) ("Courts deny motions to amend the scheduling order when the moving part[ies] fail[] to demonstrate that, despite [their] diligence, [they] could not have reasonably met the scheduling deadline." (quoting *Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *3 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.)). As this court has explained:

> [i]f the absence of undue prejudice or the availability of a continuance to cure such prejudice were alone determinative, the Rule 16(b)(4) standard would not be one of "good cause"; it would be an "absence of incurable prejudice" standard. A moving party who, for example, had shown a complete lack of diligence and who undoubtedly could reasonably have met the scheduling deadline would still be able to obtain an amended scheduling order merely by demonstrating that the opposing party would not be prejudiced. But the standard is "good cause," and the good cause standard focuses on the diligence of the party seeking to modify the scheduling order.

*Matamoros*, 2015 WL 4713201, at *3; *see also Serv. Temps*, 2009 WL 3294863, at *3 (stating that the court must "remember[] at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order[,]" and finding that the movant had failed to satisfy the good cause standard of Rule 16(b)(4) where it had not provided plausible explanation for its delay, and that this failure to provide plausible explanation outweighed the other factors in the court's analysis).

Plaintiffs' untimely production of Allen's report appears to be the result of their own counsel's failure to provide Allen with the materials that he needed. Counsel's lack of diligence is not good cause for purposes of Rule 16(b)(4). *See, e.g.*, *Rodrigues v. US Bank*

- 25 -

*Nat'l Ass'n*, 2021 WL 2077650, at *2 (N.D. Tex. May 24, 2021) (Fitzwater, J.) (previous counsel's lack of diligence was not sufficient to demonstrate good cause). And even if the court accepted plaintiffs' explanation that Travelers' failure to produce relevant documents caused the delay, plaintiffs do not explain why the prior claim file was necessary for Allen's report. Nor do plaintiffs explain why they could not have filed their motion to compel before the March 16 expert designation deadline or why they waited more than two weeks after that deadline before filing their motion to extend. *Vex Robotics, Inc. v. Cross the Rd. Elecs., LLC*, 2025 WL 1384747, at *7 (N.D. Tex. May 13, 2025) (Fitzwater, J.) ("Courts regularly consider a party's failure to timely seek an extension of deadlines when determining whether the party was diligent."). And plaintiffs' three-page motion does not otherwise demonstrate what actions they have taken to meet the deadline and why they failed to do so despite these actions. *See, e.g.*, *Hernandez v. Groendyke Transp., Inc.*, 2022 WL 487915, at *2 (N.D. Tex. Feb. 17, 2022) (Fitzwater, J.).

Accordingly, the court denies plaintiffs' April 4, 2026 opposed motion to extend.[6]

---

[6]Plaintiffs' reply brief contends that Travelers has produced rebuttal expert opinions that exceed the scope permitted by Rule 26(a)(2)(D)(ii). Even assuming *arguendo* that plaintiffs are correct, Travelers' failure to abide by Rule 26(a)(2)(D)(ii) would not demonstrate good cause for plaintiffs' requested extension of the deadline to produce expert reports. Plaintiffs may instead move to strike Travelers' designation of rebuttal experts, if they have grounds to do so. *See, e.g.*, *Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006) (Fitzwater, J.).

*     *     *

For the reasons explained, the court grants in part and denies in part plaintiffs' motion to compel, and denies plaintiffs' motion to extend time to produce an expert report. According to the requirements set out above, *see supra* at § VII, the parties must meet and confer regarding certain RFPs, Travelers' privilege log, and deposition dates and topics, and provide a status report to the court, after which the court will consider any remaining discovery disputes presented by the motion to compel.

**SO ORDERED**.

May 14, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 27 -