IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL PANZA, and<br>NEELY TETLEY,<br><br>Plaintiffs,<br><br>VS.<br><br>TRAVELERS PERSONAL INSURANCE<br>COMPANY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 3:25-CV-1637-D |

MEMORANDUM OPINION
AND ORDER

Defendant Travelers Personal Insurance Company ("Travelers") moves for entry of a protective order under Fed. R. Civ. P. 26(c). Although the certificate of conference indicates that plaintiffs Paul Panza ("Panza") and Neely Tetley either oppose the motion or that their opposition is assumed, they have not responded to the motion. For the reasons that follow, the court grants the motion.

I

This discovery dispute concerns proposed topics for the deposition of Travelers's Fed. R. Civ. P. (30)(b)(6) corporate representative. Originally, Panza proposed to depose the representative on 31 deposition topics. When counsel conferred, Panza's counsel agreed to remove topics Nos. 1, 2, 4, 5, 6, 7, and 21. This agreement was memorialized in a June 2, 2026 email from Panza's counsel. The remaining topics left unresolved were Nos. 3 and 8. They read as follows:

> 3: Whether Defendant conducted any underwriting or inspections prior to the date of loss and all documents related to underwriting, including the application for insurance[.]
>
> 8: The procurement of the policy at issue and coverages/endorsements within[.]

D. App. 2 (ECF No. 47).

Thereafter, Panza served Travelers with an unmodified deposition notice that contained the topics that the parties had agreed to remove (i.e., Nos. 1, 2, 4, 5, 6, 7, and 21). Travelers made several unsuccessful requests that Panza modify the deposition notice. Travelers then filed the instant motion for a protective order, seeking to preclude Panza from questioning its corporate representative on certain topics. The topics at issue can be organized into two categories: (1) the topics that Panza agreed to remove per the June 2, 2026 email; and (2) unresolved topics Nos. 3 and 8. The court is deciding Travelers' motion on the brief that it filed, without oral argument.

## II

### A

Rule 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Int'l, Inc.*, 134 F.3d

302, 306 (5th Cir. 1998) (per curiam) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

B

Travelers has demonstrated "good cause" for entry of a protective order on both categories of deposition topics. As to the topics that Panza's counsel agreed to remove, there is no argument or evidence demonstrating that this agreement is invalid. Indeed, Panza's counsel herself wrote that "[w]e withdraw depo topic Nos. 1, 2, 4, 5, 6, 7, 21." D. App. 9 (ECF No. 47). Travelers has therefore shown that it is entitled to relief.

Regarding deposition topics Nos. 3 and 8, Travelers maintains that neither is "relevant to the damages sought or [Panza's] causes of action" and that preparing a corporate representative on these topics would result in "undue burden and expense." D. Br. (ECF No. 46) at 5-6. Travelers has met its burden to demonstrate "good cause" for a protective order.

Topic No. 3 concerns the "underwriting or inspections prior to the date of loss . . . and all documents . . . including the application for insurance" for the property at issue. *Id.* at 4. Travelers has already produced to Panza an underwriting report—dated March 11, 2021—and it avers that this is the only such report. This inspection date predates the events giving rise to the claim (2024) and to Travelers' defenses (post-2021). Because plaintiffs have not responded to Travelers' motion, the court is left to conclude on the present record that the underwriting process that plaintiffs seek to inquire about has no bearing on the present lawsuit. Therefore, Travelers has demonstrated that it is entitled to a protective order on the grounds that topic No. 3 is not relevant and that preparing a corporate representative

on this topic would result in undue burden and expense.

Topic No. 8 concerns the "procurement of the policy at issue and coverages/endorsements within." *Id.* at 4. Panza has not alleged a cause of action based on the acquisition of the policy at issue; instead, his claims are limited to Travelers' alleged failure to pay under the policy's terms. Therefore, Travelers has demonstrated that the difficulties in preparing a corporate representative to testify how the policy was procured constitutes an undue burden or expense.

* * *

Accordingly, Travelers's motion for entry of a protective order is granted, and the court orders that plaintiffs cannot depose Travelers' Rule 30(b)(6) witness on topic Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 21.

**SO ORDERED**.

September 2, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE